UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORNELIUS GREEN,

        Plaintiff,        CASE NUMBER: 10-12287
                                    HONORABLE VICTORIA A. ROBERTS

v.

STATE FARM FIRE AND CASUALTY
COMPANY,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO LIMIT THE TESTIMONY OF DANIEL CHURCHWARD

Before the Court is Defendant State Farm Fire and Casualty Company's ("State Farm") Motion in Limine to Limit the Testimony of Daniel Churchward. (Doc. # 12). Plaintiff retained Churchward, a certified fire investigator, to conduct an "origin and cause" investigation. Plaintiff seeks to offer Churchward as an expert witness, under Fed. R. Evid. 702, to testify that the fire on Plaintiff's recliner was not intentionally set, as Defendant suggests, but was caused by the drop-down of burning paint from the living room ceiling.

The Court reviewed the parties' briefings and the case, including *Daubert v. Merrell Do Pharm., Inc.*, 509 U.S. 579 (1993); it lays out a framework for evaluating the admissibility of expert opinions. The Court finds that Plaintiff met his burden to show that Churchward's testimony is admissible.

In fire investigation cases, an expert may rely on his observations of the physical evidence to deduce the likely cause of the fire. *See, e.g.*, *Bitler v. A.O. Smith Corp.*,

1

391 F.3d 1114, 1125 (11th Cir, 2004) ("Employing his experience and knowledge as a fire investigator, Boh observed the physical evidence at the scene of the accident and deduced the likely cause of the explosion.  Although such a method is not susceptible to testing or peer review, it does constitute generally acceptable practice as a method for fire investigators to analyze the cause of fire accidents....Nothing in Rule 702 or *Daubert* requires more.").  During deposition, Churchward testified that he relied on an unsophisticated paint burning experiment, where he placed a paint chip from Plaintiff's dining room ceiling directly into a Bunsen burner flame, to inform his opinion of how Plaintiff's recliner caught fire; however, he also relied on burn patterns, flame vectors, the appearance of detached paint hanging from Plaintiff's ceiling and laying on his furniture, the amount of damage caused by the fire, and his knowledge of fire dynamics.

Moreover, Churchward conducted the scene investigation in accordance with NFPA guidelines.  Courts have uniformly found that NFPA 921, promulgated by the National Fire Protection Association, provides a reliable method for investigating fires. *See, e.g.*, *Nationwide Mutual Ins. Co. v. Nat'l RV Holdings, Inc.*, No. 05-2509, 2007 WL 954258, at *4 (M.D. Pa. Mar. 28, 2007); *Fireman's Fund Ins. Co. v. Canon U.S.A., Inc.*, 394 F.3d 1054, 1057-58 (8th Cir. 2005); *McCoy v. Whirlpool Corp.*, 214 F.R.D. 646, 653 (D. Kan. 2003).

Defendant's critiques of Churchward's shortcomings "target the weight of the evidence and are proper subjects for cross-examination and closing argument." *Tolstih v. Elecs., U.S.A., Inc.*, No. 2:08-cv-582, 2009 WL 3241665, at * 6 (S.D. Ohio Oct. 2, 2009); *see also United States v. Metzger*, 778 F.2d 1195, 1204 (6th Cir. 1985)  ("[M]ost dissimilarities between experimental and actual conditions affect the weight of the

evidence, not its admissibility." (citation and quotation marks omitted)), *cert. denied*, 477 U.S. 906 (1986).  As the district court in *Tolstih* found, "[t]he fact that physical testing...is not impossible does not preclude [Churchward's] theory as Defendants posit; rather this fact simply provides a basis on which to attack his opinion." 2009 WL 3241665, at *6. "The foundation for some of [Churchward's] conclusions therefore may [ ] be shaky, but the methodology he [ ] employed is not so unreliable as to render his testimony inadmissible.  Although it appears he [could have done more] testing, this again is a weight issue for the trier of fact to resolve."  *Id.*; *see also Arkwright Mut. Ins. Co. v. Gwinner Oil, Inc.*, 125 F.3d 1176, 1183 (8th Cir. 1997).

      Defendant's Motion is **DENIED**.

      **IT IS ORDERED**.

                                 s/Victoria A. Roberts
                                 Victoria A. Roberts
                                 United States District Judge

Dated:  June 14, 2011

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 14, 2011.<br><br>s/Linda Vertriest<br>Deputy Clerk |