UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORNELIUS GREEN,

    Plaintiff,                                      Hon. Victoria A. Roberts
                                                      Case No. 10-12287

v.

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant,
_____/

## ORDER DENYING DEFENDANT'S MOTION
## TO REVIEW TAXED BILL OF COSTS

### I. Introduction

This matter is before the Court on State Farm Fire and Casualty Company's ("Defendant") Motion for Review of Taxed Bill of Costs. The Motion is **DENIED**.

### I. Background

Following a judgment entered in Plaintiff's favor on July 18, 2011, Plaintiff filed a Bill of Costs, seeking costs in the amount of $2129.96. On August 4, 2011, the Clerk taxed costs against the Defendant in the amount of $1885.30. On August 9, 2011, Defendant filed a Motion for Review of Taxed Bill of Costs raising several objections.

First, Defendant says Plaintiff is not entitled to court reporter fees because the deposition transcripts were not filed with the court as required by Federal Rules of Civil Procedure 5(d)(1). Defendant also objects to the subsistence charges for Mr. Churchwood. Defendant says his overnight hotel stay was unnecessary because Mr. Churchwood lives about three hours from the courthouse. Finally, Defendant objects to

1

paying for Mr. Churchwood's mileage because he lives outside of the State of Michigan. Defendant says this is beyond the Court's subpoena power. Defendant objects to $1847.30 of the taxed costs.

## II. Analysis

### A. Principles for Taxing Costs

Pursuant to Federal Rules of Civil Procedure 54(d), "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P.54 (d)(1). A detailed list of costs that may be taxed is contained in 28 U.S.C. § 1920. The court has broad discretion to allow or bar taxation of costs for the items set forth in § 1920. *City of Sterling Heights v. United National Ins. Co.,* No. 03-72773, 2008 U.S. Dist. LEXIS 26990, at *8 (E.D. Mich. Apr. 3, 2008); *BDT Products, Inc. v. Lemark Int'l, Inc.,* 405 F.3d 415, 419. (6th Cir. 2005).

### B. Defendant's Motion for Review Taxed Bill of Costs

Defendant objects to costs taxed by the Clerk. Specifically, Defendant objects to taxation of costs for reporters fees, subsistence charges and mileage expenses incurred as a result of Plaintiff's out of state witness. When a party objects to costs taxed by the clerk, that party has the burden to persuade the court that the taxed costs are improper. *BDT Products*, 405 F.3d at 420.

#### 1. Reporter Fees

Defendant objects to the allowance of costs for reporter fees for two reasons. First, Defendant says taxation of costs for reporter fees is improper because the

deposition transcripts were not filed with the court. Defendant cites Fed. R. Civ. P. 5(d)(1) in support of this proposition.

Under FRCP 5(d)(1), "any paper after the complaint that is required to be served together with a certificate of service must be filed within a reasonable time after service. But disclosures under Rule 26(a)(1) or (2) and the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission." Fed. R. Civ. P. 5(d)(1).

Defendant's reliance on Fed .R. Civ. P. 5(d)(1) is misplaced. Section 1920(2) provides for the "taxation of fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. §1920(2). Thus, "the proper inquiry is whether the depositions were necessarily obtained for use in the case." *Smith v. Oppenheimer,* No. G83-948 CA7, 1989 U.S. Dist. LEXIS 18083, at *11 (W.D. Mich. July 21, 1989).

In *Caudill v. Sears Transition Pay Plan*, this Court held that "depositions reasonably necessary for preparation of trial can be taxed by the prevailing party even if they were not filed. No. 06-12866, 2011 U.S. Dist. LEXIS 45294, at *3 (E.D. Mich. Apr. 26, 2011). Moreover, filing is permissible "at the conclusion of the trial or other proceeding in which it was used or at a later time that the court permits. E.D. Mich. LR 26.2(a)(2).

The Court finds Plaintiff's deposition costs in the amount of $1540.30 to be properly taxable costs pursuant to 28 U.S.C. § 1920(2).

Second, Defendant says taxation of costs for reporter fees is improper because the bill includes charges for a mini-copy of the deposition transcript and an e-transcript. However, according to Plaintiff, when the original transcript was ordered, the mini-copy and e-transcript came free upon request. Since no costs are associated with the mini-copy and e-transcript, the Court need not address this issue.

### 2. Subsistence and Mileage Charges

Defendant objects to the subsistence and mileage expenses for Mr. Churchwood.

Defendant asserts that Mr. Churchwood's overnight stay at the hotel was unnecessary since he lives in Fort Wayne, Indiana, a three hour drive from the courthouse. Plaintiff seeks taxation of these costs in accordance with 28 U.S.C. §1821 and 1920(3). Section 1920(3) says, "a judge or clerk of any court of the United States may tax as costs the fees and disbursements for printing and witnesses." 28 U.S.C. § 1920. Moreover, Section 1821(d)(1) provides: "a subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day." 28 U.S.C. §1821.

According to Plaintiff, Mr. Churchwood's overnight hotel stay was necessary because while Mr. Churchwood lives in Fort Wayne, Indiana, he was not traveling from his residence; he came from a business conference in Florida, requiring him to fly in into Detroit the night before trial.

Defendant also objects to paying for Mr. Churchwood's mileage expenses. Defendant says allowance of costs for his mileage is improper because he lives outside the State of Michigan, beyond the Court's subpoena power.

Generally, absent special circumstances, taxation of costs for the travel expenses of witnesses is limited to the 100 mile radius rule, provided by Fed. R. Civ. P. 45(e). *Smith v. Oppenheimer,* No. G83-948 CA7, 1989 U.S. Dist. LEXIS 18083, at *11 (W.D. Mich. July 21, 1989). However, "this rule is not inflexible, as it is within the Court's discretion to tax as costs, expenses for transporting witness beyond the 100 mile limit." *Smith*, 1989 U.S. LEXIS 18083, at *11; *Farmer v. Arabian Am. Oil Co.,* 379 U.S. 227, 232 (1964). The words "unless the court otherwise directs" taken from Fed. R. Civ. P. 54(d), "quite plainly vest some power in the court to allow some costs." *Farmer,* 379 U.S. at 232.

The Court finds Plaintiff's subsistence and mileage expenses in the amount of $345.00 to be properly taxable costs.

### III. Conclusion

Defendant's Motion for Review of Taxed Bill of Costs is **DENIED.** Defendant must pay Plaintiff costs in the amount of $1885.30.

**IT IS ORDERED.**

    /s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: 9/28/11

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 28, 2011 September 28, 2011.

S/Linda Vertriest

Deputy Clerk